

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-87,477-06, WR-87,477-07, WR-87,477-08**

**EX PARTE CARLOS ALBERTO DURAN, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 883673-B, 883677-B, 883680-B IN THE 351ST DISTRICT COURT
FROM HARRIS COUNTY**

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and one count of aggravated robbery and sentenced to forty years' imprisonment in each cause. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance because counsel did not have DNA tests performed on evidence available prior to trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether there was biological material available for testing prior to trial, and if so, whether the evidence was tested. If there was material tested, the trial court shall supplement the record with the results of such testing. If there was material available, but not tested, the trial court shall make findings as to the reasons testing was not performed. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish